FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 28 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
SHLOMO WOLMAN and
EPHRAIM ICKOVITZ,

v.

14 CV 4924 (SJ) (CLP)

MEMORANDUM
AND ORDER

NEW YORK STATE DEPARTMENT
OF AGRICULTURE AND MARKETS,

   Defendant.
------------------------------------------------X

*A P P E A R A N C E S*
YORAM M. NACHIMOVSKY
299 Broadway
Suite 605
New York, NY 10007
By: Yoram Nachimovsky
*Attorney for Plaintiffs*

OFFICE OF THE ATTORNEY GENERAL
OF THE STATE OF NEW YORK
120 Broadway
New York, NY 10271
By: Kruti D. Dharia
*Attorneys for Defendant*

JOHNSON, U.S.D.J.:

  Plaintiffs Shlomo Wolman and Ephraim Ickovitz ("Plaintiffs") filed the instant action alleging that defendant New York State Department of Agriculture

1

and Markets ("Defendant" or the "State") discriminated against them by terminating their positions as Kosher food inspectors. Defendant moves to dismiss. Based on the submissions of the parties, and for the reason stated below, the motion is granted.

## BACKGROUND

The following facts are drawn from the Complaint. Plaintiffs, members of the Orthodox Jewish faith, were employed by the State's Division of Kosher Law Enforcement from March 1994 to December 2010. Plaintiffs were both inspectors of kosher goods, which they allege is a specialized field not subject to civil service exams. Plaintiffs allege that they were subject to lower salary grades than other food inspectors.

On July 9, 2010, all 10 kosher food inspectors employed by the State were offered early retirement if they applied by September 28, 2010. On September 10, 2010, Plaintiffs received a letter from the State informing them that "a number of positions" would be eliminated altogether by the end of the year, including eight of the 10 kosher inspectors. Being the two kosher inspectors with the longest tenure, Plaintiffs expected to remain employed by the State despite the budget cuts and did not elect for the early retirement offer, which expired on September 28, 2010. On November 24, 2010, Plaintiffs were notified that because of "serious fiscal

problems," their positions would be terminated, effective January 1, 2011. State Food Safety Inspectors who were already working for Defendant took over kosher food inspections, allegedly at a higher rate of pay.

Plaintiffs filed the Complaint, alleging jurisdiction based on the Equal Protection Clause of the Fourteenth Amendment as well as pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII").

## DISCUSSION

Sovereign Immunity

The Eleventh Amendment bars private actions against the states in the absence of waiver by the State or congressional override. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); see also Florida Dep't of State v. Treasure Salvors, Inc., 458 U.S. 670, 684 (1982) (applying sovereign immunity to state agencies). Plaintiffs' Fourteenth Amendment claim meets neither exception, and is hereby dismissed for lack of subject matter jurisdiction. See Santiago v. New York State Dep't of Corr. Servs., 945 F.2d 25 (2d Cir. 1991); Plumey v. New York State, 389 F. Supp. 2d 491, 496-97 (S.D.N.Y. 2005); Grossman v. Suffolk Cty. Dist. Attorney's Office, 777 F. Supp. 1101, 1103 (E.D.N.Y. 1991).

P-049

Title VII

Plaintiffs' Title VII claim is not barred by the Eleventh Amendment. See, e.g., Fitzpatrick v. Bitzer, 427 U.S. 445 (1976); Nunez v. New York State Dep't of Corr. and Cmty. Supervision, No. 14 CV 6647 (JMF), 2015 WL 4605684, at *6 (S.D.N.Y. Jul. 31, 2015); Baez v. New York, 56 F. Supp. 3d 456, 464 (S.D.N.Y. 2014). However, it is untimely.

"Under Title VII, a complainant must file a charge of employment discrimination against a state or local agency within the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful practice." Santos v. City Univ. of New York, No. 14 CV 416 (KBF), 2014 WL 521580 (S.D.N.Y. Feb. 6, 2014); see also 42 U.S.C. 2000e-5(e)(1). In response to Defendant's claim that Plaintiffs failed to so exhaust their administrative remedies, Plaintiffs point to a grievance allegedly filed with their union immediately following termination. Plaintiff's unsupported argument that this satisfies the statute is unconvincing.

Section 2000e-5(e)(1) provides, in relevant part:

In a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local

4

agency has terminated the proceedings under the State or local law, *whichever is earlier.*

42 U.S.C. § 2000e-5(e)(1) (emphasis added). Even assuming arguendo that the filing of a union grievance qualifies as "institut[ing] proceedings with a State or local agency," it was still incumbent on Plaintiffs to file an EEOC charge within 300 days. They have not done so. Therefore, the claim is dismissed. See Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683 (2d Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is an essential element of the Title VII...statutory scheme[], and as such, a precondition to bringing such claims in federal court."); Morrishow v. Weill Med. Sch. of Cornell Univ., No. 11 CV 5103 (GBD) (GWG), 2013 WL 2443687, at *4 (S.D.N.Y. May 15, 2013) (dismissing Title VII claim where plaintiff failed to file an EEOC charge within 300 days of notice of termination).

## CONCLUSION

For the foregoing reasons, Plaintiffs' federal claims are dismissed. This Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. The Clerk of the Court is directed to close the case. SO ORDERED.

Dated: August 26, 2015
Brooklyn, NY

/S/ USDJ JOHNSON
Sterling Johnson, Jr., U.S.D.J.

P-049